## BROOKS v. MOODY.

COVENANT AGAINST INCUMBRANCES.—The covenant against incumbrances is broken immediately where there is an outstanding mortgage on the demised premises.

EQUITY PLEADING.—A supplemental answer and cross-bill can not be filed without leave of the court ; but the Chancellor does not possess discretionary power to deny a defendant the right to avail himself of a meritorious defense.

Where the answer and cross-bill set up that the complainant is *insolvent,* (which allegation is not denied,) and that, at the time of the conveyance of the lands by complainant to defendant, the former represented that they were free from incumbrances, and *covenanted* against incumbrances, (which allegation is admitted,) the defendant is *entitled* to file his supplemental answer and cross-bill, alleging that at the same time there was an outstanding mortgage on the premises, which is being foreclosed upon the defendant, showing that he learned of this fact after filing his original answer and cross-bill.

*Appeal from Pulaski Chancery Court.*

Hon. T. D. W. YONLEY, Chancellor.

RICE & BENJAMIN, for appellant.

CLARK, WILLIAMS & MARTIN, for appellee.

WILSHIRE, C. J.

This was a bill filed by Francis H. Moody, in the Pulaski chancery court, against William Brooks and J. B. Rogers, the object of which was to enforce a vendor's lien upon certain lands, sold and conveyed by Moody to Brooks, reserved in the deed of conveyance.

The facts, as appears from the transcript of the record, are briefly as follows :

Moody, on the 29th day of December, 1865, sold to Brooks an undivided one-half interest in certain lands situated in

Pulaski county, for the sum of $25,000, to be paid as follows : $1,000 paid down, upon the execution and delivery of the deed of conveyance by Moody to Brooks; $10,000 to be paid in sixty days; $9,000 in ninety days, and $5,000 in one year after the date of the sale; the first two of the deferred payments to bear interest at ten per cent. after due, and the last one at seven per cent. from date.

Upon the payment of the first one thousand dollars by Brooks, Moody and wife executed and delivered to him a deed in fee simple to the undivided half interest in the lands de-scribed in the deed, reserving a lien on the lands conveyed, to secure the payment of the unpaid balance of the purchase money.

The first two of the deferred payments were paid by Brooks, but he refused to pay the last payment of $5,000, and Moody filed his bill to enforce his vendor's lien reserved in the deed.

Rogers answered, disclaiming any interest in the land, and was thereupon discharged. Brooks answered, and set up as a defense that, at the time the lands were purchased, Moody represented that they were free from incumbrance, and that Moody and wife, by their deed, covenanted that they were seized in the one undivided half interest in the lands described in their deed, "of an indefeasible estate in fee simple, free from all incumbrances," &c.; and that the lands conveyed by Moody and wife to him were not free from all incumbrances, but that they were incumbered, together with the other undivided one-half of the described lands, belonging to one Peter Hanger, by a mortgage, executed by Moody and Hanger to Gordon N. Peay, as receiver of the Real Estate Bank of Arkansas, to secure the payment of the sum of $11,163, which they owed said bank for the purchase of said lands, and that, though the record of said mortgage showed that it had been paid off by Moody & Hanger, it had not, in fact, been legally paid off and discharged, as a lien upon said lands, but had been paid in Arkansas war bonds, in the year 1862; that the receiver of said bank was not authorized to receive such bonds in payment of a

debt due to said bank, and therefore the mortgage had not been legally paid off and discharged, &c. And Brooks, further answering, declared his willingness to pay the residue of the purchase money when the land should be cleared from its incumbrances, but averred his belief that he could not safely do so until then, as the complainant was in such failing circumstances that it would be impossible to make such sum out of him, if he should now pay it, and the mortgage should finally be declared valid, and a subsisting incumbrance upon the land, and asked to have his answer taken as a cross-bill, &c.

The complainant replied to and answered the answer and cross-bill of the respondent, Brooks, and admitted that he represented, at the time the sale was made, that the lands were free from incumbrances, and that he so covenanted with the respondent, but denied that the lands were incumbered at that time, in the manner alleged in the respondent's answer, and concluded with a demurrer to the cross-matter set up in the respondent's answer.

Upon this state of pleading the cause was set down for hearing at the October term, 1867.

At the term of the chancery court, at which the cause was set to be heard, defendant, Brooks, asked leave to file a supplemental answer and cross-bill, and accompanied his application with an affidavit as to the merits of the defense sought to be set up by him. The court below overruled the defendant's application, and proceeded to hear the cause, and rendered a final decree against Brooks for $5,792, &c., &c. The defendant excepted to the ruling and decree of the court, and appealed to this court.

The only question presented by the transcript of the record for our determination is, whether the court below erred in refusing to allow the appellant to file his supplemental answer and cross-bill at the time he applied to do so?

The transcript does not contain a copy of the supplemental answer and cross-bill, sought to be filed by the appellant in the court below, and we can not look beyond the application and

affidavit accompanying it; to determine whether the defense sought to be set up by it was sufficient.

The appellant, by his application, states that he expected to show, by his supplemental answer and cross-bill, that the premises sold by the appellees to him, at the time of the sale, were, and are now, largely incumbered by a mortgage, executed by one Thomas Thorn, in the year 1840, to the Real Estate Bank of Arkansas, to secure the said bank and the State of Arkansas, for bonds issued by said State to said bank, to the amount of seven thousand two hundred dollars, and that the State of Arkansas has already commenced a proceeding of foreclosure on said mortgage.

This application was accompanied with the affidavit of the appellant's solicitor, M. W. Benjamin, Esq., who stated substantially that upon an examination made by him, since this cause was set for hearing, he found most of the land, conveyed by the appellee and wife to the appellant, was incumbered by the mortgage referred to in the appellant's application, executed by Thomas Thorn to the Real Estate Bank, and that the State of Arkansas had instituted proceedings to foreclose said mortgage, &c.

It is insisted, by counsel for the appellee, that it was entirely a matter of discretion in the court whether the appellant be allowed to file his supplemental answer and cross-bill.

We think it is true that the defendant must have obtained leave of the court to file his supplemental answer and cross-bill, but the Chancellor, we think, does not possess the discretionary power of denying a defendant the right to avail himself of a meritorious defense.

It appears by the application of the appellant, and the affidavit of his solicitor, that he was not advised of the existence of the defense sought to be set up by the supplemental answer and cross-bill until after the cause was set down for hearing.

It is laid down as an established rule of equity pleading, that, where a fact which may be of advantage to a defendant has happened subsequent to his answer, it can not with pro-

priety be put in issue by amending his answer; but if it appears to the court, on the hearing, that it may be of advantage to a just and equitable determination of the rights of the parties, the proper way seems to be to order the cause to stand over until a new bill, in which the facts can be brought before the court, and to a hearing with the original suit. *Story's Eq. Pl.*, sec. 903.

That learned author, on the subject of Equity Pleading, says that "where new matter in an account is discovered before the hearing, but after replication is filed, the court will permit a supplemental answer to be put in."

The appellant alleged, in his original answer and cross-bill, his belief of the insolvency of the complainant, and that if he should now pay the balance of the purchase money, and the incumbrance alleged to be upon the land should be declared to be valid, &c., he could not collect the amount out of appellee upon his covenants of warranty, &c. This allegation the complainant, by his replication and answer to the answer and cross-bill of the respondent, does not deny. The allegation of the appellant, in his original answer and cross-bill, that the appellee; at the time of the sale of the premises, represented to him that the lands were free from incumbrance, is admitted by the appellee to be true. This admitted fact, taken with the undenied allegation of the insolvency of the appellee, we think, furnishes sufficient grounds to entitle the appellant to the defense sought to be set up by his supplemental answer and cross-bill. *Vick. v. Percy*, 7 *Sneed & Marshall's Rep.*, 268.

The defense sought to be interposed by the supplemental answer and cross-bill, as appears by the transcript of the record before us, was, that the premises conveyed to the appellant were incumbered by mortgage, and that the mortgagee was seeking to enforce that incumbrance by a foreclosure of the mortgage. The deed from Moody and wife to the appellant professes to convey the premises presently, and is absolute. It contains a covenant against incumbrances, and it purports to take effect immediately, and to convey the legal title to the estate.

The question then arises, was the covenant against incumbrances broken? It seems impossible to answer that question in the negative. If the mortgage of Thorn to the Real Estate Bank had been executed as stated by the appellant in his application, and was still outstanding and unpaid, the covenant of the appellees against incumbrances was broken immediately upon the delivery of the deed to the appellant, so far as the lands embraced in the deed were covered by the mortgage of Thorn. *King v. Gibson, admr.*, 32 *Ill.*, 348; *Christy v. Ogle's Exrs.*, 33 *Ill.*, 295; *Morgan v. Smith, et al.*, 11 *Ill.*, 199.

And as it appears by the application of the appellant that proceedings had been instituted to foreclose that mortgage, and subject the lands to the payment of the money secured thereby, we think it was a good defense to be set up to the complainant's right to recover, and the court below erred in overruling the appellant's application for leave to file his supplemental answer and cross-bill.

The counsel for the appellee insist, by argument, that the mortgage of Thorn to the Real Estate Bank had been foreclosed, and the lands sold and purchased by the bank, and that Moody acquired his title by purchase from the bank, and that the incumbrance created by the mortgage of Thorn had been removed by that foreclosure, and the title acquired by the bank had vested in Moody, by his purchase from the bank, &c.

The transcript of the record does not present such a state of facts, and the question of the effect of a foreclosure by the bank is not presented for determination by this court.

The decree of the court below is reversed, and the cause remanded, with directions that the defendant below be allowed to file his supplemental answer and cross-bill, and to be proceeded in according to law, and not inconsistent with this opinion.