No. 2,267.

EDWARD McGARY, Appellant, *v.* DANIEL N. HASTINGS, Respondent.

Covenant of Warranty for Quiet Enjoyment.—Eviction.—Without an eviction there is no breach of the covenant; but it is not necessary that the eviction should be by process of law, consequent on a judgment.

Idem.—When Broken.—The covenant is broken whenever there has been an involuntary loss of possession by reason of the hostile assertion of an irresistible paramount title.

Idem.—An actual dispossession of the grantee is not required to constitute such an eviction as will amount to a breach of the covenant.

Idem.—Statute of Limitations.—The cause of action accrues at the time of an eviction, actual or constructive.

Idem.—Rule of Damages.—The rule of damages, where there has been an actual loss of the premises, is the purchase money and interest. Where the plaintiff has purchased the paramount title, it is the sum actually and in good faith paid for the paramount title and the amount expended in defending his possession; provided such damages shall in no case exceed the purchase money and interest.

Mexican Land Claim.—Rejection—Effect of.—The final rejection of a Mexican land claim under the provisions of the Act of Congress of the 3d of March, 1851, operates, *proprio vigore*, to restore the land to the mass of the public domain.

Appeal from the District Court of the Twelfth District, City and County of San Francisco.

The case is stated in the opinion.

*E. W. McGraw,* for Appellant.

The covenant set forth in plaintiff's complaint is a covenant for quiet enjoyment. It is in the precise words of the covenants, so construed in *Waldron* v. *McCarty* (3 Johns. 471), *Kortz* v. *Carpenter* (5 Johns. 120), *Webb* v. *Alexander* (7 Wend. 281.)

It runs with the land, and is capable of being taken advantage of by the assignee of the land to which it relates.

An assignee who holds through a quitclaim deed may sue the original covenantor. (Rawle on Covenants, 3d ed. pp. 181, 352; Sugden on Vendors, marginal page 708, note 1, and cases cited; *Hunt* v. *Amidon,* 4 Hill, 346; *White* v. *Whitney,* 3 Metcalf, 87.)

It is not necessary that a covenantor should have any title to the land. A conveyance by a grantor in possession under a claim of title passes an estate to the grantee which will

(T.)

carry the covenants contained in the conveyance to any subsequent assignee. (Spencer's Case, 1 Smith's Lead. Cas. 5th Am. Ed. p. 157; Rawle on Covenants, 3d ed. p. 382 to 394; *Beddoe* v. *Wadsworth,* 21 Wend. 120; *Slater* v. *Rawson,* 6 Metcalf, 439; *Wilson* v. *Widenham,* 51 Maine, 556; *Brown* v. *Metz,* 33 Ill. 339.)

It is not necessary that there should be an actual ouster to effect a breach of the covenant. If the covenantee or his assignee submits to the paramount title hostilely asserted, and buys it in, it is an eviction, and an action lies on the covenant. (Sugden on Vendors, marginal page 745, note 1 and cases cited; Rawle on Covenants, 3d ed. pp. 242–3; 260 to 293, and cases cited; *Boyd* v. *Bartlett,* 36 Vt. 9; *Noonan* v. *Lee,* 2 Black, U. S. 507; *Flowers* v. *Foreman,* 23 Howard, U. S. 147; *Eastabrook* v. *Smith,* 6 Gray, Mass. 576.)

The *purchase* of the paramount title completes the eviction, so that in this case the Statute of Limitations would run from the dates of the patents. (Rawle on Covenants, 3d ed. pp. 249, 272 and note, citing *Stewart* v. *Drake,* 4 Halst. N. J. 139–40, 275, note 1, 282, notes and 288; *Brady* v. *Spurck,* 27 Ill. 478.)

*S. F. & L. Reynolds,* for Respondent.

*First*—This action can only be based upon the covenant in the deed. No action can be maintained upon such covenant unless the plaintiff has been actually evicted and turned out by a title paramount. (Rawle on Covenants, 77, 299, note 1.)

The plaintiff must aver and prove that the person by whom he was evicted had a lawful title to the property; and that he had such title before and at the time of the conveyance by the defendant. It must be both a lawful and a superior title. (*Webb* v. *Alexander,* 7 Wend. 281; *Kelly* v. *Dutch Church,* 2 Hill, 110, and *Wolton* v. *Hill,* 2 Saunders, 181, note 10.)

In order to constitute a breach of warranty for quiet enjoyment, there must be an eviction under the judgment of a competent Court and paramount title. (*Fowler* v. *Smith,*

2 Cal. 44; *Norton* v. *Jackson*, 5 Cal. 265; *Webb* v. *Alexander*, 7 Wend. 285 – 6.)

This covenant goes to the possession and not to the title. There must be a dispossession by process of law, by a title paramount. (*Kortz* v. *Carpenter*, 5 Johns. 121; *Kerr* v. *Shaw*, 13 Johns. 238; *Lansing* v. *Van Alstyne*, 2 Wend. 565, note.)

*Second*— In order to recover on a covenant of this character, the plaintiff must aver and prove that he has been evicted by a title paramount, and that he was dispossessed by such paramount title. (1 Chitty Pl. 335; Rawle on Covenants, 200; *Wolton* v. *Hill*, 2 Saunders, 181, note 10; *Kelly* v. *Dutch Church*, 2 Hill, 110, 111.)

*Third*—The measure of damages on a covenant of warranty for quiet enjoyment is the value of the land at the date of the deed ; and no other damages, such as improvements, or money paid for any other purpose, can be recovered. (Rawle, 319, 320 ; *Kinney* v. *Watts*, 14 Wend. 41 ; *Pitcher* v. *Livingston*, 4 Johns. 21.)

If this action could have been maintained, then the cause of action is barred by the Statute of Limitations. The final decree in the the Federal Courts, rejecting the grant to Vallejo, was entered on the 10th of June, 1862.

If there were an eviction of the plaintiff, such eviction must have been before the final entry of the decree and the 3d of March, 1863, the time the Act of Congress set forth in the complaint took effect; both which periods were more than four years before the commencement of this action.

If there was an eviction, such eviction must have taken place before the Act of Congress    After that Act took effect, the Government could not evict the plaintiff.

If he was ousted by one not having the right of entry, but by a trespasser, that constitutes no breach of the covenant. (*Kelly* v. *Dutch Church*, 2 Hill, 110.)

Temple, J., delivered the opinion of the Court :

This is an action upon a covenant for quiet enjoyment. The complaint avers that on the 13th of August, A. D. 1856, the defendant, for the consideration of $9,000, conveyed to

plaintiff and certain other parties a certain tract of land situate in Solano County.   In the deed executed by defendant there was the following covenant:

"And the said Daniel N. Hastings and his heirs, the said premises in the quiet and peaceable possession of said parties of the second part, and their heirs and assigns, and against the said party of the first part, his heirs, and against all and every person and persons whomsoever lawfully claiming or to claim the same, shall and will warrant and by these presents forever defend."

That the plaintiff and his co-tenants immediately entered into possession of the premises as conveyed under the deed; that plaintiff's co-tenants conveyed to him, for a valuable consideration, their interest in the land on the 27th day of September, 1858, and plaintiff immediately thereafter took exclusive possession of the entire premises; that the only title claimed by the defendant at the time of his covenant, was through Vallejo, who claimed to own a large tract of land, known as the Suscol Rancho, of which the premises conveyed were a part, under a grant from Mexico, and that Vallejo had no other title save under said supposed grant.

That at the time of said conveyance by defendant, the petition of Vallejo for the confirmation of the grant was pending in the Courts of the United States, and was finally rejected on the 10th of June, A. D. 1862, and thereby the title of the United States to the land declared paramount; of all of which facts the defendant had due notice and full knowledge.

The plaintiff thereupon requested the defendant to repay him the purchase money for said land, or to procure the title at his own expense, both of which the defendant refused to do.   The plaintiff thereupon submitted to the paramount title, and, in conjunction with others, who were holding under Vallejo, sent an agent to Washington and procured an Act of Congress to be passed on the 3d of March, 1863, granting the right of pre-emption to certain purchasers on the Suscol Rancho.   The plaintiff, by reason of the conveyance from defendant, was one of the persons authorized to purchase

under said Act; and in pursuance of its provisions he acquired the title of the United States to said lands by certain letters patent dated on the 2d of March, the 10th of May, and the 29th of June, 1867. That by reason of the premises, the plaintiff has not been permitted quietly and peaceably to possess and enjoy the premises conveyed, but was evicted by the United States, the owner of the paramount title, by which eviction he has suffered damage.

To this complaint the defendant interposed a general demurrer, on the ground that the complaint does not state facts sufficient to constitute a cause of action, and also on the ground that the cause of action is barred by the Statute of Limitations. The demurrer was sustained, and the plaintiff declining to amend, final judgment was entered for the defendant, and the plaintiff has appealed.

The principal question involved in this appeal is, whether the acts set out in the complaint constitute a breach of the covenant of quiet enjoyment. The defendant contends that there must have been an actual eviction by a title paramount under the judgment of a competent Court. Many early cases, especially in the State of New York, seem to sustain this view, and two cases are cited from our own reports. The first is the case of *Fowler* v. *Smith* (2 Cal. 39.) That was an attempt to resist the payment of purchase money for premises conveyed, without special warranty, prior to the adoption of the common law in this State, and it was claimed that by the civil law certain covenants were implied. Justice Murray, in discussing the question, said that no covenants were implied, except those for quiet possession, and that to constitute a breach of that covenant there must be an eviction under a judgment of a competent Court, founded upon a paramount title.

He relies upon the case of *Waldron* v. *McCarty* (3 Johns. 471.) In that case there was a foreclosure and sale of the premises under a mortgage which existed at the time of the covenant. The covenantee purchased at this sale and brought suit upon his covenant. The Court held that there had been no eviction. It was not necessary in that case to hold that the eviction must in all cases be by legal process. This

is a leading case upon that side of the question, and was followed by several others in that State. When understood, however, as establishing the general proposition that there must be an actual eviction under a judgment, these cases are contrary to the more recent decisions of that State, as we shall presently show. The other case from our reports is *Norton* v. *Jackson* (5 Cal. 262.) It was a suit for the purchase money, and was resisted on the ground that there had been a breach of covenant of warranty, which, for all the purposes of this case, is identical with the covenant for quiet enjoyment. The purchaser was still in possession. Mr. Justice Heydenfeldt, in delivering the opinion of the Court, says: "There is no breach of the covenant without eviction, because there would be no correct measure of damages. It would be a hardship to allow the purchaser to remain in possession and recover the purchase money also." In this case there had been no eviction, either actual or constructive; the purchaser was still in possession under the title of his covenantor; and no question can be raised as to the correctness of the decision. The broad statement in the conclusion of the opinion, that there must be an eviction by process of law, cannot be sustained by authority either in this country or in England. (*Copp* v. *Wellburn,* 2 Devereux, 390; *Foster* v. *Pierson,* 4 Levin, 617; *Stewart* v. *Drake,* 4 Halstead, 141; Rawle on Covenants, 242.)

Indeed, there are many cases where an eviction without process of law has always been considered a breach of the covenant, as in the case where the true owner at common law had the right to enter without suit, and where the covenantee was never able to obtain possession of the granted premises which were in possession of the owner of the paramount title.

The case of *Waldron* v. *McCarty,* as understood, is contrary to the doctrine laid down in *Greenvault* v. *Davis* (4 Hill, 643.) In that case Mr. Justice Bronson says: "There are some *dicta* in the books that there must be an eviction by process of law, but I have met with no case where it was so adjudged." And again: "Upon principle, I can see no reason for requiring an eviction by legal process. When-

ever the grantee is ousted of possession by one having a lawful right to the property paramount to the title of the grantor, the covenants of warranty and for quiet enjoyment are broken, and the grantee may sue. * * * * *

"When the grantee surrenders or suffers the possession to pass from him without a legal contest, he takes upon himself the burden of showing that the person who entered had a title paramount to that of his grantor. But there is no reason why such surrender without the trouble and expense of a lawsuit should deprive him of a remedy on the covenant. The grantor is not injured by such an amicable ouster. On the contrary, it is a benefit to him, for he thus saves the expenses of an action against the grantee to recover the possession.

"It may be inferred in this case that the premises were unoccupied. Blodget then entered and still holds the land. This was an ouster or disseizin of the plaintiff, and he is well entitled to an action on the defendant's covenant."

In the case of *Fowler* v. *Poling* (6 Bart. 165), Mr. Justice Edmunds, after reviewing the decisions in that State, says : "From these conflicting authorities I deduce the true rule in this State to be that there must be an actual disturbance of the possession ; and where the covenantee is rightfully out of possession, either by due process of law or by an entry of the rightful owner, or by a surrender to one having a paramount title, there is an eviction, the covenant is broken, and an action will lie."

Mr. Rawle, in his treatise on covenants for title, has reviewed the cases upon this subject at great length ; and we think an examination of the authorities cited by him, as well as those cited by counsel in this case, fully justifies the assertion that "there can hardly be said to be a class of cases, now entitled to rank as authority, which hold that an actual dispossession by process of law consequent upon a judgment is necessary to a breach of the covenant of warranty."

The true rule deducible from the recent cases is, that the covenant is broken whenever there has been an involuntary loss of possession by reason of the hostile assertion of an

irresistible paramount title. Nor is it necessary that the paramount title should have been established by judgment before the covenantee will be authorized to surrender the possession.    It is enough that the true owner asserts his title and demands the possession.    If it is his right to have possession, it certainly is the duty of the covenantee to surrender it to him.    The covenant is for quiet possession, and against a rightful eviction.    To constitute a breach of this covenant, it cannot be required that the covenantee should maintain a wrongful possession, and subject himself to be treated as a trespasser.    The object of a suit by the true owner would be to compel the covenantee to do that which he ought to have done without suit.    It could not have been contemplated by the parties to the covenant that the covenantee should refuse to do what the law enjoins upon him as a duty.

Nor can we perceive how the covenantor would be benefited by an eviction under a judgment.    It was never considered necessary that the covenantor should have notice of the pendency of the suit.    The judgment might be obtained without any real trial of the merits of the title ; and besides, in the action upon the covenant, it is incumbent upon the plaintiff to establish that the title to which he has submitted is a paramount title.

Although there must be an eviction, it is not necessary that there should be an actual dispossession of the grantee. If the paramount title is so asserted that he must yield to it, or go out, the covenantee may purchase or lease of the true owner, and this will be considered a sufficient eviction to constitute a breach.    He then no longer claims under his former title.    So far as that title is concerned, he has been evicted, and is in under the paramount title.    (Sugden on Vendors, 745 and note; *Loomis* v. *Bedell,* 11 N. H. 74; *Hamilton* v. *Cutts,* 4 Mass. 349 ; *Turner* v. *Goodrich,* 26 Vt. 709 ; *Sprague* v. *Baker,* 17 Mass. 586 ; Rawle on Covenants, 278, *et seq.* and cases cited ; *Noonan* v. *Lee,* 2 Black, 507 ; *Funk* v. *Creswell,* 5 Clark, Iowa, 86 ; *Brady* v. *Spurck,* 27 Ill. 478 ; *Stewart* v. *Drake,* 4 Halstead, 139–275.)

The next question which arises in this case is, whether

there was such a hostile assertion of the paramount title as would authorize the plaintiff to submit to it. There is no controversy that the title was in the United States. The petition of Vallejo, for a confirmation of the title, was pending at the time of the conveyance. Vallejo's claim was rejected and declared invalid. It does not appear that anything further was done on the part of the Government to cause a settlement or sale of the land. In the case of *Rush* v. *Casey* (39 Cal. 339), we held that, inasmuch as by Section 13 of the Act of Congress of March 3, 1851, establishing a Board of Land Commissioners, for the adjudication of private land claims, it is provided that all lands included in claims which shall be finally decided to be invalid shall be deemed part of the public domain of the United States, the final rejection of the claim operated, *proprio vigore*, to restore the land to the mass of the public domain. Without any further action on the part of the Government, and by operation of law, the land became liable to entry for the purpose of settlement and pre-emption. Of course, therefore, when the title of Vallejo was finally rejected, the only alternative left the plaintiff was to purchase the land from the United States, or it would be open to settlement and pre-emption to all who possessed the proper qualification.

This is almost a parallel case to many which are found in the reports as to the hostile assertion of the paramount title. Thus, in *Loomis* v. *Bedell (supra)*, a prior conveyance had been made by the covenantor. Upon the death of the prior grantee, the land was sold by his administrator at public auction, and purchased by the plaintiff, and it was held that these facts constituted an eviction.

In *Sprague* v. *Baker* there was a mortgage upon the premises, executed by a prior owner. The holder of the mortgage threatened to take possession under his mortgage unless the amount due upon it was paid. It was paid by the covenantee, and this was held to be an eviction. (*Bemis* v. *Smith*, 10 Met. 194; see, also, *Dupuy* v. *Roebuck*, 7 Ala. 488; *Brown* v. *Dickerson*, 12 Penn. 372; *Stewart* v. *Drake*, *supra*.) We are therefore clearly of the opinion that the facts stated in the complaint show such an eviction as will constitute a

breach of the covenant, and the demurrer was improperly sustained on that ground. In the complaint the plaintiff has set out the facts which constitute the eviction, instead of averring the fact of an eviction under paramount title as the ultimate fact, of which the facts stated are the evidence. No objection is raised to this course in this case, as doubtless both parties were anxious to obtain an early decision as to the liability of the defendant, and many cases sanction this form of pleading. We are clearly of the opinion, however, that the other is the proper course; though, as the point is not raised, we do not decide this case upon that ground.

The transcript does not show when the suit was commenced, and, therefore, we cannot pass upon the question of the Statute of Limitations. The cause of action, however, did not accrue until an eviction, actual or constructive. In this case that would be at the time the plaintiff entered and began to hold under the paramount title.

It is well settled that the rule of damages, where there has been an actual loss of the premises, is the purchase money and interest. Where the plaintiff has purchased the paramount title, it is the sum actually and in good faith paid for the paramount title and the amount expended in defending his possession, provided such damages shall in no case exceed the purchase money and interest. The question as to whether the plaintiff can recover the costs of sending an agent to Washington to procure a law of Congress authorizing the plaintiff to purchase his land, cannot arise on this demurrer, which is general and to the whole complaint. On the facts stated, the plaintiff is entitled to recover the disbursements above mentioned, and the demurrer ought therefore to be overruled.

The judgment is therefore reversed, and cause remanded, with directions to overrule the demurrer.