DILLAHUNTY *v.* RAILWAY COMPANY.

Opinion delivered Oct. 6, 1894.

1. *Covenant of warranty—Constructive eviction.*

While, under a covenant of warranty, as usually expressed, the grantee cannot, as a rule, buy in a paramount claim, and elect to consider himself evicted, to the extent of the purchase money of such claim, yet when the title to the land is in the United States and liable to entry, that of itself is such a hostile assertion of the paramount title as would authorize the grantee to purchase it, and such purchase would amount to a constructive eviction sufficient to maintain an action on the covenant of warranty.

2. *Pleading—Argumentativeness—Remedy.*

Where a complaint for breach of a covenant of warranty is defective in stating the evidence which shows an eviction, instead of alleging the eviction, the remedy is not by demurrer, but by motion to make more specific.

3. *Breach of warranty—Damages.*

In an action for breach of a covenant of warranty, where the covenantee has extinguished the adverse title by purchasing it, he is entitled to recover the amount necessarily paid for that purpose with interest, not exceeding the amount he paid his covenantor for the land with interest thereon.

4. *Estoppel—Purchase with knowledge of superior title.*

One who purchases land from another, and takes a covenant of warranty, knowing at the time that it is claimed by the United States, from which he has already taken steps to purchase it, is not estopped, upon subsequently completing such purchase, from recovering from his covenantor the sum necessarily paid to extinguish the paramount title of the United States.

Appeal from Sebastian Circuit Court, Fort Smith District.

EDGAR E. BRYANT, Judge.

### STATEMENT BY THE COURT.

In this case the appellant, Emily Dillahunty, as administratrix of the estate of Adolphus Dillahunty, deceased, brought suit against the Little Rock & Fort Smith Railway Co., appellee, to recover damages for breach of a covenant contained in a deed of conveyance executed by appellee to the said Adolphus Dillahunty.

The complaint alleges, in substance, that appellant is the administratrix of the estate of Adolphus Dillahunty, deceased ; that, on the 1st day of December, 1886, the appellee executed and delivered to said Adolphus Dillahunty a certain deed of conveyance, the material portions of which, so far as this case is concerned, are as follows : " That, for and in consideration of the sum of two hundred dollars by the said party of the second part in hand paid, the receipt of which is hereby acknowledged, the said party of the first part does hereby grant, sell and convey unto said party of the second part the following tracts or parcels of land, to-wit :    S W ¼ of S W ¼ of section No. 1, township six north of range 30 west of 5th principal meridian, lying in Sebastian county and State of Arkansas.    *    *    *    *    *    To have and to hold the said land, subject to the privileges and conditions above expressed, to the said party of the second part, and unto his heirs and assigns forever.    And the said Little Rock & Fort Smith Railway hereby warrants and will forever defend the title to the said land against any and all claims whatsoever."    The complaint further alleges that, at the time of the execution and delivery of said deed to the said Adolphus Dillahunty, the said Little Rock & Fort Smith Railway was not the owner of, and did not hold the fee simple title to, said tract of land in said deed mentioned ; that, at the

time of the execution and delivery of said deed to the said Adolphus Dillahunty by said defendant, said tract of land described in said deed was owned by, and the fee simple title thereto was in, the government of the United States, and that the said defendant, the Little Rock & Fort Smith Railway, has not acquired a fee simple title to said tract of land since the execution and delivery of said deed to the said Adolphus Dillahunty; that defendant was not in possession of said land at the time it bargained the same to plaintiff, nor was it ever at any time in possession of said land, nor entitled to possession thereof; that plaintiff did not receive possession of said land from defendant, and defendant never at any time was able to deliver possession thereof; that the United States, on the 10th day of September, 1890, by their patent of that date, granted and conveyed said lands to plaintiff's intestate, and that plaintiff's intestate had been in possession of said lands two or three years before defendant contracted to sell and convey to him the same, and was in continuous possession thereof until his death.   Wherefore plaintiff prays judgment for two hundred dollars damages, etc."

The defendant demurred to this complaint, alleging that it did not state facts sufficient to constitute a cause of action; that it alleged no breach of covenants contained in the deed; that there was no averment of eviction, or of a disturbance of plaintiff's peaceable possession of the land.   This demurrer was overruled by the court. The defendant excepted, and, electing to stand on its demurrer, judgment for want of an answer was entered, and, a jury being waived, the court proceeded to hear the evidence, and assessed the damages at $28—that being the amount paid by Adolphus Dillahunty to obtain the title to the land in question from the United States, after he had received the deed of appellee, with interest added.   Judgment was accordingly entered against ap-

pellee for that amount. Appellant excepted to the find-
ing of the court as to both law and fact, and filed her
motion for new trial, which being overruled she ap-
pealed. A cross-appeal was taken by appellee.

*Rowe & Rowe* and *Humphry & Warner* for appel-
lant.

1.    The measure of damages on a breach of the cov-
enant of warranty is the consideration paid with interest.
1 Ark. 323; 7 *id.* 153; 43 *id.* 450; 54 *id.* 196; Rawle on
Cov. for Title, secs. 157 *et seq.* p. 227, 5 ed.; Tiedeman
on Real Property, sec. 861, p. 709.

2.    It was not necessary to allege or show an evic-
tion, but, if it was, the facts alleged amount to a construc-
tive eviction. A grant or conveyance by patent from the
United States to land is equivalent to eviction. 54 Miss.
450, 468; 39 Cal. 360, 367; Rawle, Cov. Title (5 ed.),
secs. 142-143.

*Dodge & Johnson* for appellee.

1.    The complaint was defective, in that it did not
allege an eviction, actual or constructive. 5 Lansing,
199; 25 Minn. 540; 48 Mo. 250; 33 Penn. St. 452; Washb.
Real Property, marg. p. 664, sec. 24; *Ib.* p. 717, and sec.
29, p. 718; 1 Ark. 313; 7 *id.* 154; 8 *id.* 368; 23 *id.* 590;
33 *id.* 640; *Ib.* 593; Rawle, Cov. Title, p. 143; 2 Harris
(Pa.), 338; 13 Johns. 238.

2.    Plaintiff is estopped from suing for the alleged
breach. Dillahunty knew, when he purchased, all the
facts alleged in his complaint. He had gone into posses-
sion, and had so remained up to his death, and four years
after his purchase from defendant he procured a patent
from the United States. He was seeking to obtain all
the interest that might belong to the railway company,
thereby perfecting his title. No fraud is charged. 17
Johns. 165; 100 U. S. 61; 8 B. Mon. 185; 9 Mass. 36;
*Ib.* 150; 3 Gilm. (Ill.) 179; 11 Ill. 229; 17 Johns. 166;
54 N. Y. 35.

3.   The court erred in its instruction on the measure of damages.   The proof showed that the grantee's possession had never been disturbed nor interfered with ; hence the damages could only be nominal.   4 Am. & Eng. Enc. Law, 556 and notes ; 23 Ark. 591 ; 55 Iowa, 202 ; 39 Mich. 101 ; 62 Iowa, 555 ; *Ib.* 232 ; 4 Am. & Eng. Enc. Law, 569.

RIDDICK, J., (after stating the facts).   The most serious question that confronts the court in this case is whether the complaint is sufficient to sustain the judgment.   The deed set out in the complaint does not contain the statutory words, "*grant, bargain and sell,*" from the use of which certain covenants are implied by virtue of our statute, and, without going into a discussion of the question, we hold that it only contains a covenant of warranty.   In order to recover for the breach of such a covenant, an eviction, either actual or constructive, must be alleged and proven.   "Although there must be an eviction, it is not necessary that there should be an actual dispossession of the grantee.   If the paramount title is so asserted that he must yield to it or go out, the covenantee may purchase of the true owner, and this will be considered a sufficient eviction to constitute a breach."   *McGary* v. *Hastings,* 39 Cal. 367; *Loomis* v. *Bedel,* 11 N. H. 74.

As a general rule, there must be some hostile assertion of the paramount title ; but when the United States are the owners of the paramount title, and the land is subject to entry and settlement, it has been held that this is a sufficient assertion of the hostile title to authorize the grantee to submit to it and purchase.   "While it is true," says Chief Justice Horton, of the supreme court of Kansas, speaking for the court in the case of *Kansas Pacific Railway Co.* v. *Dunmeyer,* "that under the covenant of warranty, as usually expressed, a purchaser cannot, as a general rule, buy in any paramount claim and elect to consider himself evicted to the extent of the

*1. As to constructive eviction.*

purchase money of such claim, yet when the title to the land in controversy is in the United States, and liable to entry and settlement under the provisions of the homestead law, that of itself is such a hostile assertion of the paramount title as would authorize the purchaser to voluntarily submit to it." *Kansas Pacific Ry. Co.* v. *Dunmeyer*, 19 Kas. 539.

As tending to support this rule, see *McGary* v. *Hastings*, 39 Cal. 360; *Abbott* v. *Rowan*, 33 Ark. 593; *Green* v. *Irving*, 54 Miss. 462; *Glenn* v. *Thistle*, 23 Miss. 42. The reason given for this rule in some of these decisions is that the statute of limitations does not run against the United States, and that no length of adverse holding will secure a title to the grantee in possession. In addition to this, we think that the United States should be considered as always asserting title to their lands, and it is so held in some of the cases mentioned above. In the old and leading case of *Loomis* v. *Bedel*, 11 N. H. 74, it was held, in a case where the administrator of the estate of the person who held the paramount title offered it for sale at public auction, that this was a sufficient assertion of title to justify the grantee in purchasing such paramount title, and that such sale and purchase would amount to a constructive eviction sufficient to sustain an action on the covenant of warranty, although there was no actual eviction or disturbance of possession. The lands belonging to the public domain of the United States, that are subject to entry and settlement, may be considered as always being offered for sale to those who possess the proper qualifications, and we hold that a grantee in possession of such lands may purchase the same, and such purchase will be treated as a constructive eviction sufficient to sustain an action on a covenant of warranty. As was pointed out in the case of *Loomis* v. *Bedel*, *supra*, there is no injustice done the grantor by this rule, for no action can be maintained against him upon his

covenant in such a case, except upon proof of the actual existence of a title superior to the one he conveyed, and which his grantee could not withstand at law.

Looking at the complaint in the light of the law as stated above, we see that it is defective in at least one respect. Instead of alleging an eviction by the United States by virtue of their paramount title as one of the ultimate or issuable facts, the plaintiff, without such allegation in her complaint, has set out the evidence tending to show such eviction. This is not good pleading ; for the evidence may prove, though it does not constitute, the cause of action, and the pleader should set out the material or issuable facts. But it does not necessarily follow that the demurrer should be sustained because the complaint is defective in this respect. "In passing upon the demurrer," says Mr. Bliss, "the court will only inquire whether it can gather from the pleading the requisite facts, however loosely or defectively stated." Bliss on Code Pleading, sec. 425a. After some degree of doubt we have concluded that the complaint in this case shows a cause of action, although it is shown in an argumentative way. The remedy for such a defect, which is one of form and not of substance, is a motion for an order to compel the party offering such pleading to make it more definite and certain. The complaint alleges, in substance, the purchase of the land from the defendant by plaintiff's intestate, sets out the covenants in the deed, and, although it does not specifically allege eviction, it sets out facts which in our opinion show an eviction, and this was sufficient to justify the court in overruling the demurrer.

In the assessment of the damages, we also think that the lower court was right. The general rule is that the measure of damages in actions of this kind is the purchase price, with interest from the time of the eviction. But where the covenantee has extinguished

2. Remedy for argumentativeness in pleading.

3. Damages for breach of warranty.

the adverse title, his recovery will be limited to the amount necessarily paid by him for that purpose, including the incidental expenses and reasonable compensation for his trouble, not exceeding in all the purchase price and interest. 2 Suth. Dam. (2 ed.) sec. 610 ; *McGary* v. *Hastings*, 39 Cal. 360 ; *Loomis* v. *Bedel*, 11 N. H. 74 ; *Collier* v. *Cowger*, 52 Ark. 322 ; *Estabrook* v. *Smith*, 6 Gray, 572 ; *Hurd* v. *Hall*, 12 Wis. 112.

It is earnestly contended by counsel for appellant that the fact that plaintiff's intestate was in possession of the land at the time he purchased and received his deed from the defendant company, and that the defendant was not in possession, and had no title at that time, nor ever acquired title afterwards, entitles the plaintiff to recover the full amount of the purchase money and interest. We cannot agree with them in this contention. Plaintiff's intestate was in the possession of land to which the defendant claimed title. He purchased the land from defendant, and it gave him a deed with covenant of warranty. By reason of the want of title in the defendant, he was compelled to pay out twenty-six dollars to purchase the paramount title of the United States. When defendant has returned to his estate this sum with interest from date of its payment, it will be in the same condition as if the title conveyed by defendant had been perfect.

**4. Purchaser with notice of superior title not estopped.** As the fact that plaintiff's intestate was in possession at time of purchase from defendant, and received no title under the conveyance, does not warrant a recovery for the full amount of purchase money, neither, on the other hand, is it a defense to this action for defendant to say that, at the time plaintiff's intestate received its deed, he knew that the United States claimed title to the land, and had already taken steps to enter it as a homestead. He was no doubt seeking to protect his title by buying from the railroad, but, as there was a dispute about the title, there was more reason why, as a prudent man, he

should protect himself by having a covenant of warranty in the deed from defendant. It would be strange if the doctrine of estoppel applied in such a case so as to prevent a recovery, and, after considering the authorities cited by counsel, we are satisfied it does not.

A sum representing the actual injury occasioned by the breach of warranty was awarded by the court, and, although contended to the contrary, we believe the evidence sufficient to support the verdict. We are convinced that it was right, for, as is said by a learned writer on this question, "in every variety of circumstances the recovery will be graduated to the actual injury."

The judgment of the circuit court is therefore affirmed.

Mr. Justice Wood, being absent, did not participate in the determination of this cause.

Opinion on rehearing delivered Dec. 15, 1894.

RIDDICK, J.    The judgment of affirmance entered in this case was set aside at the end of the last term to give the court further time to investigate the questions arising on the motion to rehear. Counsel for appellant insist that the measure of damages in this case should be the price paid for the land without regard to what was paid by the grantee to procure the outstanding title. We find only one case that seems to support this contention, the case of *Thiele* v. *Axell*, 5 Tex. Civil Ap. 549 ; S. C. 24 S. W. 803. No authorities are cited in the opinion in that case, and we are not sure that the court intended to announce the rule contended for by appellant, but, conceding that it did, we must think that such ruling is not only against the great weight of authority in this country, but directly in conflict with many well considered cases in that State.

In *McClelland* v. *Moore*, 48 Tex. 355, it was held that the measure of damages on a breach of warranty of title to land, where the purchaser has voluntarily removed the incumbrance or acquired the paramount title, is "limited to the amount reasonably paid for that purpose." The same rule was announced in *Denson* v. *Love*, 58 Tex. 471, where it was said to be "established by the great weight of authority, in fact, the almost universal rule." In a late case—somewhat similar to the case at bar—it was held that "where the title to land conveyed under general covenants of warranty fails, and the purchaser is compelled to acquire the title of the State thereto, the measure of damages, in the absence of fraud or misrepresentation on the part of the grantor, is, not the whole purchase price paid to the grantor, but the amount paid the State in order to perfect the title to such land." *James* v. *Lamb*, 21 S. W. Rep. 172 (syllabus); 2 Texas Civil Appeals, 185.

When at the time of the conveyance a third person is in possession of the premises holding under a paramount title, the covenant of warranty is at once broken. Rawle on Cov. (5 ed.) sec. 139. In such a case the grantee may sue for and recover as damages for breach of his warranty the full amount of his purchase price. But if the grantee is in possession, this rule does not apply, and there is no breach of the warranty until there has been an eviction, either actual or constructive. So it has been held that when a grantee in a warranty deed holds a title or incumbrance on the real estate conveyed, he can not set up such title as a breach of the covenant of warranty, for "covenants of warranty only extend to a title existing in a third person which may defeat the estate granted by the covenantor. They do not embrace a title already vested in the covenantee." *Carson* v. *Cabeen*, 45 Ill. App. 265; *Smiley* v. *Fries*, 104 Ill. 416; *Furness* v.

*Williams,* 11 Ill. 240; *Fitch* v. *Baldwin*, 17 Johnson, 161.

In the case at bar the grantee was in possession of the premises at the time the conveyance was executed, and the measure of damages is the amount he was compelled to pay to procure the outstanding title. If it had been necessary to incur other expense in order to procure the title, that also, if proved, could have been included. Sedg. on Dam. (8 ed.) sec. 989; Rawle on Cov. Title, sec. 195; *Pate* v. *Mitchell*, 23 Ark. 590.

Finding no error, it is ordered that the judgment of affirmance be re-entered.

Judge Wood not participating.