SELDON *v*. DUDLEY E. JONES COMPANY.

Opinion delivered February 25, 1905.

1. DEED—STATUTORY COVENANT.—Under Kirby's Digest, § 731, the words "grant, bargain and sell" in a deed carry a covenant that the grantor "is seized of an indefeasible estate in fee simple, free from incumbrances done or suffered from the grantor." (Page 350.)

2. COVENANT OF SEIZIN—BREACH.—A covenant of seizin is broken as soon as made if the grantor has not the possession, the right of possession and the complete title. (Page 350.)

3. COVENANT OF WARRANTY—BREACH.—The general rule is that, to charge a person on a warranty, eviction must be alleged; but where the land is wild and unimproved, actual eviction is unnecessary, as a paramount title carries possession, which amounts to constructive eviction. (Page 351.)

4.  COVENANT AGAINST INCUMBRANCES—EFFECT.—Under the rule that a covenant against incumbrances embraces every right to, and interest in the lands conveyed, diminishing the value of the estate, but not inconsistent with a transfer of the fee, an outstanding dower interest in land is an incumbrance, for which the covenantor will be liable when his grantee's possession, in whole or in part, is taken from him by it. (Page 351.)

5.  SAME—CLAIM OF DOWER.—A covenant of warranty in a deed conveying wild land is not broken by the assertion of an unassigned but vested dower interest therein, as the assertion of a claim for dower does not carry possession, and is not tantamount to constructive eviction. (Page 351.)

6.  CONSTRUCTIVE EVICTION—TITLE IN GOVERNMENT.—Although generally there must be assertion of a paramount title to amount to constructive eviction, such is not the rule where the paramount title is in the United States or the State. (Page 351.)

7.  PLEADING—DEMURRER.—A complaint which is otherwise sufficient is not demurrable because in setting up a tax title it incidentally alleges that the land was returned delinquent on a manifestly impossible date. (Page 351.)

Appeal from Pulaski Circuit Court.

EDWARD W. WINFIELD, Judge.

Reversed.

*George Sibly,* for appellant.

The complaint stated a cause of action. 5 Ballard, Real Prop. 100; 59 Ark. 629; 65 Ark. 103.

*Ratcliffe & Fletcher,* for appellee.

Possession follows title, in the absence of any possession adverse to it. 23 Ark. 735; 43 Ark. 409; 63 Ark. 1; 69 Ark. 424. The tax sale was void. 55 Ark. 549; 70 Ark. 257; 65 Ark. 595. If dower in land has not been set apart to the widow, she can have no right of possession. 11 Ark. 212; 40 Ark. 69. The appellant being in possession, the covenant is not broken until after eviction. 1 Ark. 313; 5 Ark. 395; 33 Ark. 393; 65 Ark. 495.

HILL, C. J. The only question in the case is the sufficiency of the complaint. A general demurrer to it was sustained. It alleges in substance that on the 12th of July, 1898, the defendant conveyed to plaintiff (appellant here) certain real estate in Lonoke County. That said lands were wild and unimproved, and no one in possession thereof by occupancy. That the defendant warranted the title by the statutory warranty conveyed in the.

terms "grant, bargain and sell," and specially convenanted, in addition thereto: "and the Dudley E. Jones Company hereby covenants with the said George E. Seldon that it will forever warrant and defend the title to said lands against all claims whatever." That at the time of said conveyance the defendant did not have title in fee free from all incumbrances, in that there were two outstanding paramount titles to interests therein which were unknown to the plaintiff, which interests were as follows:

First. Unassigned vested dower interest of the widow of the Jones Company's grantor, which interest the widow "now sets up."

Second. An undivided one-sixth interest belonged to the State of Arkansas, "by reason of the said one-sixth undivided part thereof having been on the 11th day of June, 1884, returned delinquent for nonpayment of the taxes due thereon to the State and county, and school district for the years 1881 and 1882, and was sold to the State of Arkansas for the taxes, penalty and costs legally due thereon, and, not having been redeemed from sale by the defendants or their vendors, the title thereto became and was vested in the State of Arkansas."

1. The statutory warranty carried in the words, "grant, bargain and sell," is that the grantor "is seized of an indefeasible estate in fee simple, free from incumbrances done or suffered from the grantor." So far as the covenant against incumbrances is concerned, it is limited to those done or suffered by the grantor. Kirby's Dig. § 731; *Winston* v. *Vaughan,* 22 Ark. 72. The deed, however, contained an express warranty against all claims. This warranty and the warranty of an "indefeasible estate in fee simple" are the covenants to which the appellant must look. The covenant of seisin is broken as soon as made, if the grantor has not the possession, the right of possession and the complete legal title. Pingrey, Real Estate, § 1426; *Pate* v. *Mitchell,* 23 Ark. 590; *Benton County* v. *Rutherford,* 33 Ark. 640.

In regard to the covenant against incumbrances, the rule is thus stated: "The covenant against incumbrances embraces every right to, and interest in, the lands conveyed, diminishing the value of the esstate, but not inconsistent with a transfer of the fee. It is not a mere covenant to indemnify, though often described as

such, but an engagement that the grantor's title is not incumbered, and is broken, if at all, at the instance of its creation." 2 Warvelle on Vendors, § § 971, 975. See *Brooks* v. *Moody,* 25 Ark. 452. An outstanding dower interest is an incumbrance, within the meaning of this covenant. 2 Warvelle on Vendors, § 972; *Bigelow* v. *Hubbard,* 97 Mass. 195; *Runnells* v. *Webber,* 59 Me. 488.

The general rule is that to charge a person on a warranty eviction must be alleged. *Hynson* v. *Dunn,* 5 Ark. 395; *Bird* v. *Smith,* 8 Ark. 368; *Walker* v. *Johnson,* 13 Ark. 522; *Higgins* v. *Johnson,* 14 Ark. 309; *Dillahunty* v. *Ry. Co.,* 59 Ark. 629. But where the land is wild and unimproved, as in this case, actual eviction is not necessary. The possession follows the legal title, and a paramount title carries possession with it, amounting to a constructive eviction. Rawle on Covenants of Title, § § 140, 143, and cases in notes; *Dillahunty* v. *Ry. Co.,* 59 Ark. 629.

Applying these principles to the issue as to the outstanding dower interest, it is an incumbrance, but does not carry the right to possession. The possession (excepting the mansion house and homestead) in unassigned dower lands is in the heirs at law, not in the widow; and their possession and their grantees' is not adverse until hostilely asserted. *Grober* v. *Clements,* 71 Ark. 565; *Webb* v. *Smith,* 40 Ark. 17; *Livingston* v. *Cochran,* 33 Ark. 294.

Therefore it follows that the assertion of claim for dower is not tantamount to eviction, for the asserted right does not carry with it a right to possession, and it is a mere incumbrance against the land for which the covenantor will be liable when his grantee's possession, in whole or in part, is taken from him by it. 2 Warvelle, Vendors, § 975.

2. The title to an undivided one-sixth interest in the State is in different attitude. Generally, there must be an assertion of the paramount title to amount to a constructive eviction; but where that paramount title is in the United States or in the State, the assertion thereof is not necessary. *Dillahunty* v. *Ry. Co.* 59 Ark. 629; *William Farrell Lumber Co.* v. *Deshon,* 65 Ark. 103; *Abbott* v. *Rowan,* 33 Ark. 593; Rawle, Covenants of Titles, § 140; 2 Pingrey, Real Estate, § 1426.

It is insisted that the allegations as to the tax title show it

to be void, and the rule announced in *Taylor* v. *State,* 65 Ark. 595, that the State has no constructive possession of unoccupied land under a void tax title, is invoked.   It is claimed that the complaint shows a sale on the 11th of June, 1884, and a sale had on that date for taxes delinquent in 1881 and 1882 would be a void sale.   But the complaint does not allege the sale on June 11, 1884, but alleges that on that day the land was returned as delinquent. This is manifestly an error. June 11, 1884, is an impossible date for the return of the lands as delinquent for the taxes of 1881 and 1882. The other allegations as to the title being in the State are apt, and clearly show a paramount title in the State as to this undivided interest.   Shall the impossible date therein alleged as to when they are returned as delinquent control the allegations and defeat the title otherwise properly pleaded?   The allegation of the date of the return of the property delinquent was immaterial.    The allegations of the years when the taxes were delinquent, that the land was sold to the State, and was unredeemed during the period allowed for redemption, were sufficient to allege a good title in the State.   The law fixes the dates for the return of such property as delinquent and the date of sale, and this date is a manifest error, and not intended.   It is such a mistake as ought to be met by motion, and not by general demurrer.   This error in an immaterial allegation is not fatal to the complaint on demurrer, where the allegations otherwise are sufficient.

The judgment is reversed for error of the court in sustaining the demurrer to the second paragraph of the complaint, and is remanded for further proceedings.