Benton County vs. Rutherford.

BENTON COUNTY V. RUTHERFORD.

*DEED : Statutory covenant, when broken.*
If a grantor conveys land by the words "grant, bargain and sell," and the deed contains no express words limiting their force, and he is not at the time the owner in fee simple of the land, the statutory covenant of seizin expressed by those words is instantly broken technically, and the grantee may sue at once for the breach without showing eviction.

———— *Damages for breach of covenants.*
(For rule of damages for breach of covenant of seizin see opinion.)

MARRIED WOMEN : *Not bound by covenants.*
A married woman is not bound by the covenants contained in a deed executed by her and her husband.

APPEAL from *Benton* Circuit Court.
W. J. HOWARD, Special Judge.
*E. P. Watson,* for appellant.
*J. D. Walker, contra.*

ENGLISH, C. J. :

Benton county sued Rutherford and wife on the covenant of siezin in a deed, defendants demurred to the complaint, the court sustained the demurrer, and plaintiff appealed. This court dismissed the appeal because there was no final judgment. See *Benton County* v. *Rutherford and wife*, 30 Ark., 665.

On the remanding of the cause to the Circuit Court the plaintiff declined to amend her complaint, relying on the sufficiency thereof, and judgment was rendered discharging defendants with costs, and plaintiff again appealed.

The suit was commenced 13th March, 1874, and the complaint follows :

"Benton county, plaintiff, by attorney, complains of Joseph R. Rutherford and Tennessee P. Rutherford of a plea of covenant broken :

"Plaintiff states that on the 4th day of January, A. D. 1871, the defendants executed and delivered to the plaintiff

their certain deed in writing, which is in words and figures as follows, to-wit:

"Warranty deed with release of homestead and dower.

"This indenture, made the 4th day of January, 1871, between Joseph R. Rutherford and Tennessee P. Rutherford, his wife, of the first part, and the county of Benton, in the State of Arkansas, of the second part, witnesseth: that the said parties of the first part, in consideration of the sum of twelve hundred and fifty dollars in hand paid, the receipt whereof is hereby acknowledged, have granted, bargained and sold, and by these presents do grant, bargain and sell unto the party of the second part, his heirs and assigns, all that piece or parcel of land situate in the town of Bentonville, county of Benton, etc., to wit: Lots number ninety, (90) ninety-one, (91) ninety-four, (94) ninety-five, (95) of said town of Bentonville, together with the appurtenances thereunto belonging, and all the estate, right, title, interest, claim and demand of the said parties of the first part herein.

"And the said Joseph R. Rutherford and Tennessee P. Rutherford, his wife, parties of the first part, hereby expressly waive, release, relinquish and convey unto said party of the second part, and *his heirs*, executors, administrators and assigns, all right, title, claim, interest and benefit whatsoever, in and to the above described premises, and each and every part thereof, which is given by or results from any and all laws of this State pertaining to the exemption of homesteads; and the said Joseph R. Rutherford and Tennessee P. Rutherford, his wife, for themselves, their heirs, executors and administrators, do covenant, grant, bargain and agree to and with the said party of the second part, and *his heirs* and assigns, that the above bargained premises, in the quiet and peaceable possession of the said party of the second part, and his heirs

40

and assigns, the said party of the first part, shall and will forever warrant and forever defend.

"In witness whereof the said parties of the first part have hereunto set their hands and seals, the day and year first above written.

"JOSEPH RUTHERFORD,        [SEAL.]

"TENNESSEE P. RUTHERFORD, [SEAL.]

"Said deed was duly acknowledged by said defendants before a proper officer, in accordance with the law of the State, etc. A copy of said deed and acknowledgment is hereto annexed and made a part of this complaint, etc.

"The plaintiff, in fact, says that at the time of the execution and delivery of said deed to the plaintiff, said Joseph R. Rutherford and Tennessee P. Rutherford were not the owners of, and did not hold the fee simple title to said lot number ninety-five, in said deed mentioned, nor have the said Joseph R. Rutherford and the said Tennessee P. Rutherford acquired a fee simple title to said lot number ninety-five since the execution and delivery of said deed to the plaintiff. Wherefore, plaintiff prays judgment for the sum of three hundred and twelve dollars and fifty cents, the amount paid for said lot by plaintiff, together with the interest thereon from the delivery of said deed, at the rate of six per cent per annum, and for other relief."

Defendants demurred to the complaint on the grounds:

1st. No cause of action set forth in the complaint.

2d. No breach of the covenants contained in the deed set out in complaint, alleged.

3d. Not alleged in whom the title to the lot is vested.

4th. No averment of eviction or disturbance of plaintiff's peaceable possession of the lot.

By statute:

"The words, *grant, bargain and sell*, shall be an express

covenant to the grantee, his heirs and assigns, that the grantor is seized of an indefeasible estate in fee simple, free from incumbrance done or suffered from the grantor, except rents or services that may be expressly reserved by the deed, as also for the quiet enjoyment thereof against the grantor, his heirs and assigns, and from the claim or demand of all other persons whatsoever, unless limited by express words in such deed." *Gantt's Digest*, Sec. 829.

The deed set out in the complaint contains the words "grant, bargain and sell," and does not contain any express words limiting their force.

The complaint alleges a breach of this statute covenant of seizin; affirms that the grantors were not the owners in fee simple of one of the lots embraced in the deed at the time of its execution, and had not since acquired a fee simple title thereto.

If the appellees were not the owners of the land in fee simple at the time of the execution of the deed, as alleged in the complaint, the covenant of seizin was instantly broken technically, and a right of action for breach of the covenant at once accrued, and it was not necessary for appellant to aver eviction. *Logan* v. *Moulder*, 1 Ark., 322; *Alexander* v. *Schreiber*, 10 Mo., 460; *Brandt* v. *Foster et al.*, 5 Iowa, 295.

Says MR. WASHBURN:

"If the covenant of seizin be untrue, it is broken the instant it is made, and an immediate right of action accrues to the purchaser to sue for the breach, and he is entitled to recover damages, the measure of which may be the consideration and interest, or less amount, or mere nominal damages, according to the nature and extent of the breach in the particular case. If the failure of title be only as to part of the land, or if the purchaser has himself extinguished the paramount title, or if his actual possession be of such a character, and continued for

such a length of time as to make the title valid under the statute of limitation, or if, for other cause, the breach be merely a technical one, the purchaser will not be entitled·to have the damages measured by the consideration money and interest. Such is the proper measure of damages only where there is an entire failure of title, or where the purchaser has the right to treat it as such; and in the latter case the effect of a recovery of an equivalent in damages would be to entitle the bargainor to a reconveyance." 3 *Washburn on Real Property*, 420.

Mrs. Rutherford being a married woman at the time she joined her husband in the execution of the deed, is not bound by the covenants contained in it, and not personally liable in damages for breach of the covenant of seizin. The demurrer to the complaint was therefore properly sustained as to her, but should have been overruled as to her husband. *Bishop on Married Women*, Sec. 603.

The judgment of the court below as to the wife, must be affirmed, and reversed as to her husband. *Trieber and Wife* v. *Stover & Co.*, 30 Ark., 727.

By act of February 27, 1879, Pamphlet Acts 1878–79, p. 13, passed since the submission of this cause, particular sections of *Gantt's Digest*, and all laws and parts of laws making counties corporations, and authorizing them to sue and be sued as such, are repealed; and the act provides that when any county has any demand against any person or corporation, suit thereon may be brought in the name of the State for the use of the county.

The costs of reversal will be rendered against appellee, Joseph R. Rutherford, in the name of the State, for the use of Benton county, and the cause remanded to the court below for further proceedings in the name of the State for the use of said county.