The Missouri, Kansas & Texas Railway Company
v. L. S. Cambern, *as County Treasurer, etc.*

No. 12,971.  (71 Pac. 809.)

SYLLABUS·BY THE COURT.

1. Levees—*Right of Eminent Domain.* The construction of a
levee along the bank of a river is a public use, in aid of which the
power of eminent domain may be invoked and local assessments
may be levied.

2. ———.— *Constitutionality of the Act of 1893.* Chapter 104,
Laws of 1893 (Gen. Stat. 1901, §§ 3905-3919), relating to the con-
struction of levees, is not unconstitutional either on the ground
that it delegates legislative power to the petitioners, or on the
ground that there is a discrimination against railroad companies
in its method of providing for the cost of the improvements.

Error from court of appeals, southern department;
A. W. Dennison, B. F. Milton, and M. Schoonover,
judges.   Opinion filed March 7, 1903.   Affirmed.

*T. N. Sedgwick*, for plaintiff in error.
*John J. Jones*, and *W. R. Cline*, for defendants in
error.

The opinion of the court was delivered by

Mason, J. : The Missouri, Kansas & Texas Rail-
way Company began an action in the district court to
enjoin the collection of a special assessment against it
imposed under the provisions of chapter 104, Laws of
1893 (Gen. Stat. 1901, §§ 3905 – 3919 ), as a part of
the cost of building a levee along the Neosho river.
The district court refused the injunction.   Plaintiff
prosecuted proceedings in error to the court of ap-
peals, where the decision of the trial court was af-
firmed. (10 Kan. App. 581, 63 Pac. 605.)   The case
is now brought here for review.

The validity of the assessment is attacked on va-

rious grounds, some of them relating to the proceedings taken under the statute, and others based upon the contention that the statute itself is void. So far as it concerns objections other than those made to the constitutionality of the statute, we approve the decision of the court of appeals and the reasoning adopted in its opinion, upon the authority of the cases there cited.

It is claimed that the act in question is void because the construction of a levee is not a public use. We think the analogy between the building of a levee to prevent the overflow of water and the construction of irrigating canals to distribute water for agricultural purposes is sufficiently close so that any argument that one is not a public use could be urged with equal force as to the other. It is held that irrigation is a public use. (*Fallbrook Irrigation District v. Bradley*, 164 U. S. 112, 17 Sup. Ct. 56, L. Ed. 369; *Irrigation Co. v. Klein*, 63 Kan. 484, 65 Pac. 684.) By parity of reasoning, we hold that the construction of a levee is a public use. In Cooley on Taxation, a number of cases are cited in support of the following statement by the author :

"The construction of embankments to protect low lands, bordering upon rivers, from overflow, is a public object of the highest importance to the communities immediately concerned. No doubt general taxation is admissible for this purpose, but the legislation which authorizes special assessments for the construction of embankments, and imposes the cost upon those who, without them, would be the principal sufferers, is probably in most cases wiser and better than would be any provision for general levies. The practice of making local assessments for this purpose has prevailed for many years in the states bordering on the lower Mississippi, and has been sustained against all

Railway Co. v. Cambern.

the objections which have been made to such assessments for other purposes." (2d ed., 620.)

It is further urged that this statute is unconstitutional, within the rule announced in *Comm'rs of Wyandotte Co. v. Abbott*, 52 Kan. 148, 34 Pac. 416, because, under its provisions, if a petition for a levee signed by one or more owners of any land affected is presented to the county commissioners, they must act as viewers themselves or appoint three viewers; and if the viewers report in favor of constructing the levee the commissioners have no discretion, but must establish it and cause its construction. We do not think the statute fairly open to this objection. Its exact language in this regard (section 6) is that the board of county commissioners shall cause the construction of the levee "if it finds that the cost thereof will not be too burdensome upon the persons to be directly benefited." This we think sufficiently implies that the commissioners are to weigh the public benefits of the improvement in comparison with its cost, and that the final determination as to the necessity of the work is made by the commissioners.

The plaintiff in error also complains of a discrimination against it in the manner of providing for the cost of the improvement, in that, as to lands in general, the proportion of cost is charged against the real estate only, while in the case of railroads the charge runs against the owner. This difference results from the necessities of the case, as of course land used by a railroad company for the operation of its road could not be sold to pay the assessment made against it. See, in this connection, *Lake Erie & W. Ry. Co. v. Bowker*, 9 Ind. App. 428, 36 N. E. 864, and *Pittsburg, Co. C. & St. L. Ry. Co. v. Hays*, 17 id. 261, 44 N. E. 375. The special method of enforcing the payment

of the assessment of railroad land is the same as that employed in collecting the ordinary taxes on real estate used in the operation of a railroad.

The judgment of the court of appeals, with that of the district court, is affirmed.

All the Justices concurring.