HENRY S. IRETON, *Appellant,* v. R. M. THOMAS, *Appellee.*

No. 16,848.

SYLLABUS BY THE COURT.

1. DEEDS—*Breach of Warranty—Encumbrances—Public Levee —Notice to Grantee.* Where a portion of a tract of land is appropriated under the authority of chapter 69 of the General Statutes of 1909, and a levee is erected thereon to a sufficient height to dam up the surface water naturally flowing therefrom, which levee covers about fifteen acres of the land, and thereafter the land is sold to a purchaser who actually sees or has an opportunity to see the levee, and the owner of the land executes to him a deed with the usual covenants of warranty, with no exception referring to the levee, the purchaser has no cause of action against the seller for a breach of warranty by reason of such encumbrance.

Appeal from Neosho district court. Opinion filed February 11, 1911. Affirmed.

*J. E. Torrance,* for the appellant.

*W. R. Cline,* and *J. Q. Stratton,* for the appellee.

The opinion of the court was delivered by

SMITH, J.: The appellant brought this suit and alleged that the appellee executed and delivered to him a certain deed of general warranty for a tract of land in Neosho county, containing $276\frac{29}{100}$ acres; that the premises were encumbered with a certain easement, or servitude, known as a levee, running through the land and occupying a large portion thereof, to wit, about fifteen acres, which levee was under the control of the board of county commissioners of that county, and subject to special taxes levied for repairs; that it also had the effect of holding surface water on the land, to the great damage and detriment thereof; that by reason of such levee and the possession and control thereof by the board of county commissioners and their superintendent he has no control or possession of that portion of land so occupied by the levee; that the levee was and is of no benefit to the land; and that by reason thereof there is a breach of the appellee's covenant of warranty against encumbrances; and prayed for damages in the sum of $5000. To this petition the appellee demurred. The court sustained the demurrer, and the appellant brings the case here. The only question in the case is whether there was error in the ruling.

There can be no question under the authorities that the levee and the right of the county commissioners and their superintendent to enter upon the land and repair the same constituted an encumbrance upon the land. It is conceded in the briefs that the levee was erected under the authority of chapter 69 of the General Statutes of 1909 (Laws 1893, ch. 104, §§ 1, 3, 4, 6-9, 12, Laws 1897, ch. 147, §§ 1-3, Laws 1901, ch. 248, §§ 1, 2, Laws 1905, ch. 216, §§ 1, 2, Laws 1909, ch. 80, §§ 1-3), that the statute is constitutional, and a levee erected under the act is a public utility. (See *Railway Co. v. Cambern*, 66 Kan. 365.) The appellant, however, contends that the levee is less a public

utility than is a public highway, and, hence, falls within the quasi public easements. We see no force, however, in this distinction. The state has no power to take the land of an individual under the power of eminent domain except for a public use, and must compensate the owner therefor or provide for such compensation. The extent of the public use does not seem to be determinative of the right.

The only real question involved is whether the levee is such an encumbrance that, under all the circumstances, the existence thereof constituted a breach of the covenant of warranty. It is conceded in the appellant's brief that the encumbrance is analogous to that of a public road, and it is contended that a public road is such an encumbrance upon land that, if the land be conveyed without any exception of the highway, it constitutes a breach of the covenant of warranty. This seems to be the law by the decisions of the courts generally in the New England states and some other states, and it is conceded not to be the law by the decisions of the courts of New York, Pennsylvania and Wisconsin. This question seems never to have been decided by this court. We conceive that it would be a great surprise to the people and to the bar of the state if this court should decide that a public highway is such an encumbrance.

Distinctions have been made that the knowledge or want of knowledge of the purchaser of the existence of an encumbrance upon land was determinative of whether or not it constituted a breach of warranty. No general rule can be based upon this distinction. One may buy a tract of land knowing that it is encumbered, by a mortgage for instance, or that some outstanding title exists, and rely upon the warranty as a guaranty that the mortgage will be discharged or the title perfected, and his knowledge of the existence of the encumbrance would not defeat his right to recover on the covenant in case the mortgage should not be discharged or the title be not perfected.

The proper distinction it seems to us is whether the encumbrance is a physical one, open to the view of the purchaser, and which, from the very nature of the case, is a continuous easement, or servitude. For instance, the public has a right to the continuance of a flowing stream across one's land. The owner of the land may divert the stream from its channel upon his own land, provided he also returns it to the channel upon his own land. He may not prevent the stream from crossing his land or from entering upon the land, or from passing therefrom, in the proper channel. In a sense, this constitutes a servitude upon his land, yet it would nowhere be held that the existence of the stream constitutes a breach of a covenant of perfect title.

The true principle of interpretation of contracts by the courts is to give effect to the intention of the contracting parties, and it is not to be presumed that a seller of land would make a conveyance and warrant against an encumbrance which is plainly visible upon the land, and which, from its very nature, can not be removed, with the understanding that he must pay such damage as its continuance may occasion the purchaser. Nor is it to be presumed that a purchaser would make his purchase upon the assumption that the grantor was to remove the encumbrance which, under the law, known to each, the grantor has no right to remove or which is incapable of being removed. In other words, it is not to be presumed that two contracting parties would make a contract of sale and purchase of land which is broken the instant it is completed, and the only possible remedy of which is the payment of damages by the grantor to the grantee—in effect that the grantor should immediately repay a part or the whole of the purchase price. It is more reasonable to presume that both the grantor and the grantee, in fixing the purchase price, would consider the damages necessarily and inevitably fol-

lowing from the continuance of the encumbrance, and contract with reference to such physical fact.

Both the grantor and the grantee, when consummating the sale and purchase of the land in question, are presumed to have known of the physical existence of the levee upon the land, that it could not be removed by any act of either of them, and that the public had a right to maintain the same in perpetuity; and it is only reasonable to conclude that the parties contracted with this in view, and that the purchaser did not rely upon any covenant for the removal of the encumbrance occasioned by the levee or with any expectation of remuneration for any damage caused thereby.

It may well be conceded that a greater number of courts of different states of the Union, strictly construing like covenants, have held similar easements, or servitudes, upon land as a breach of the covenant. The question has not been heretofore decided in this state, we believe, as between the grantor and grantee; but there is, as is conceded by the appellant, very respectable authority for holding this view, and we are impressed with the idea that it is sustained by the better reasoning.

"Where, however, the encumbrance does not affect the title, but the physical condition of the property, e. g., an open, notorious easement of which it is the servient tenement, the purchaser must be presumed to have seen it, and to have fixed his price with reference to the actual condition of the land at the time, and such encumbrance is no breach of the covenant." (Headnote to *Memmert v. McKeen,* 112 Pa. St. 315 in 4 Atl. 542, 543, ¶ 2.)

(See, also, *Desvergers et al. v. Willis,* 56 Ga. 515; *Joseph Lallande, executor, v. Wentz & Pochelu,* 18 La. Ann. 289; *Smith and another v. Hughes,* 50 Wis. 620; *Kutz v. McCune,* 22 Wis. 628.)

The judgment is therefore affirmed.