No. 21,030.

JOSIE TURNER, *Appellee,* v. THE STATE BANK OF OTTAWA, *Appellant.*

SYLLABUS BY THE COURT.

WARRANTY DEED—*Public Highway—Breach of Covenant.*  A grantor conveyed by deed containing full covenants of warranty a strip of ground two rods wide and forty rods long, described as Eastabrook street.  The land constituted a public highway, by dedication of a former owner and acceptance and use by the public.  *Held,* the grantee was entitled to recover the value of the land in an action for breach of the covenants contained in the deed.

Appeal from Franklin district court; CHARLES A. SMART, judge.  Opinion filed October 6, 1917.  Affirmed.

*Wilbur S. Jenks,* of Ottawa, for the appellant.

*Ralph E. Page,* and *Curtis M. Oakes,* both of Ottawa, for the appellee.

The opinion of the court was delivered by

BURCH, J.:  The action was one for breach of the covenants contained in a warranty deed.  The plaintiff recovered and the defendant appeals.

The deed undertook.to convey a strip of land two rods wide and forty rods long, described as Eastabrook street. The plaintiff claimed the land was a public highway, and that it became such by dedication of Samuel H. Eastabrook, the former owner, and acceptance and use by the public. The court made very full findings of fact, which the evidence sustains. It would not make the world any safer for democracy to print the findings of fact, or to print and debate the evidence. The evidence and the findings are sufficient to warrant the inference of dedication. In the findings the court noted the opinion of Samuel H. Eastabrook's son, expressed at the trial, that Samuel H. Eastabrook intended the strip of ground as a private way. This court is not permitted to choose between the opinion of the witness and the opinion of the trial court. If choice were permitted, the opinion of the trial court would be preferred.

The defendant argues that the highway was not an encumbrance within the meaning of the covenant of the deed relating to encumbrances. The case of *Ireton v. Thomas*, 84 Kan. 70, 113 Pac. 306, is cited, in which it was held that a levee across a tract of land did not constitute a breach of the covenant against encumbrances contained in a deed of the land. In this case the tract conveyed was the highway. The exclusive right of the public in perpetuity affected the title, seizin and right to convey of the grantor, and affected the quiet enjoyment of the grantee. Consequently there was no room for the implication indulged in the Ireton case that the parties to the deed took into consideration the visible fact of the highway, fixed the price accordingly, and considered the covenants of the deed as not applying to the existence of the highway.

The court found the value of the land to be $300, and assessed the plaintiff's damages accordingly. Under the circumstances which have been stated, the plaintiff, for all practical and beneficial purposes, loses the land. The possibility of a reversion is too remote to be considered of value, and the defendant suffered no prejudice on account of the measure of damages applied.

The judgment of the district court is affirmed.