SPANN *v.* LANGSTON-WILLIAMS LUMBER COMPANY.

Opinion delivered July 6, 1931.

*Hughes & Davis* and *Randolph, Randolph & Clifton,* for appellant.

*James G. Coston* and *J. T. Coston,* for appellee.

HUMPHREYS, J. Appellee brought this suit against appellant to recover $2,500 for a breach of warranty in a deed to standing timber on certain lands in Lauderdale County, Tennessee, executed by appellant and her husband, J. C. Spann, to appellee on December 7, 1925.

Appellant filed an answer denying the breach or any liability on the warranty and a cross-complaint to reform the timber deed so as to show that she joined in the deed for the sole purpose of conveying her marital rights therein.

The cause was submitted to the court upon the pleadings and testimony, which resulted in a dismissal of appellant's cross-complaint and a judgment against her for $2,600 upon her breach of warranty, from which is this appeal.

The facts in the case material to a determination of the issue involved on the appeal are undisputed and are as follows:

J. C. Spann bought the lands upon which the timber was standing from Rice and Kirkpatrick on August 11, 1920, and executed a mortgage thereon to secure a large part of the purchase money. On the 7th day of December, 1925, J. C. Spann and appellant executed a deed to appellee for the timber thereon in consideration of $9,500, which deed contained the following clauses:

"This indenture, made this 7th day of December, A. D. 1925, by and between J. C. Spann and Mary E. Spann, his wife, parties of the first part, and unto and with Langston and Williams Lumber Company, Inc., parties of the second part." * * *

"And the said parties of the first part do hereby covenant with the second parties, and their lawful heirs, successors and assigns, that they will forever warrant and defend the title of said timber and right-of-way, against all lawful claims whatsoever."

The deed was signed by J. C. Spann and Mary E. Spann and the acknowledgment is as follows:

"ACKNOWLEDGMENT.

"State of Arkansas, County of Mississippi, ss.

"Be it remembered, that on this, the 29th day of December, 1925, before me, Nora Wise, a duly commissioned and acting notary public in and for said county and State, personally appeared J. C. Spann, grantor in the foregoing indenture, and known to me to be the person whose name appears signed to the same, and acknowledged that he had signed the same for the consideration and purposes therein mentioned and set forth and desired me to so certify, which is accordingly done.

"And I further certify that on this day voluntarily appeared before me Mary E. Spann, wife of the said J. C. Spann, to me well known as the person whose name appears on the foregoing instrument, and in the absence of her said husband declared that she had of her own free will signed the relinquishment of dower and homestead therein contained for the purposes herein contained and set forth, without compulsion or undue influence of her said husband.

"In witness whereof, I have set my hand and seal the day and date first written above.

(Seal)                    "Nora Wise, Notary Public."

When the deed was presented to appellee by J. C. Spann, it refused to accept same and close the deal until Mary E. Spann had signed it. At the time she signed

and acknowledged the deed she told the notary public that she was doing so to convey her marital rights in the land and without any intention of binding herself personally on the warranty contained therein. This statement to the notary public was not communicated to appellee. After she executed the deed, appellee accepted it and closed the deal without demanding an abstract to the lands in reliance on the covenants and warranties contained in same. The mortgage held by Rice and Kirkpatrick on the lands for the purchase price was foreclosed and the land sold on January 25, 1927. The mortgagees purchased the land at the foreclosure sale and thereafter brought suit to enjoin appellee from cutting and removing the timber. About two years after the injunction suit had been pending, appellee compromised the claim and suit for $2,500 and by doing so prevented a $7,000 loss. It then brought this suit against appellant on her warranty, her husband having in the meantime, died.

The testimony failed to show a mutual mistake in the execution of the timber deed, so the trial court did not commit an error in refusing to reform the deed and in dismissing appellant's cross-complaint.

The only question remaining to be determined on the appeal is whether a married woman who joins in the execution of a deed with her husband to lands belonging to him is liable upon the covenants and warranties contained therein. Prior to the emancipation act, Crawford & Moses' Digest, § 5577, liberating married women from marital unity in respect to contracts, a married woman was not bound by the covenants in a deed executed by her and her husband to lands. *Benton County* v. *Rutherford,* 33 Ark. 640. Since the adoption of the emancipation act, a married woman may exercise all the rights of a *feme sole* and is liable upon her covenants and warranties just as much so as her husband or any third party would be. As we understand, the disabilities of married women with respect to their contracts have been

as completely removed by act in Tennessee as in Arkansas. In Tennessee a married woman is bound upon the covenants in a warranty deed to lands belonging to her husband in which she joins as a grantor unless she is entitled to a reformation thereof showing that she joined therein for the sole purpose of conveying her marital rights. *Watts* v. *Ramsey*, 156 Tenn. 463, 2 S. W. (2d) 411. In the instant case, appellant was not entitled to a reformation of the deed under the proof. Therefore, she is bound by the covenants of the timber deed.

No error appearing, the decree is affirmed.